## MARTHA D. MOORE *v.* FRANCIS M. DIMOND.

Where a devise is expressly made for life, there can be no implication that the testator intended a larger estate from the fact that the devisee is charged with the payment of debts and legacies.

By the express words of the statute of wills, in Rhode Island, a devise for life to any person and to the children or issue generally of such devisee in fee, does not vest an estate tail in the first devisee, but an estate for life only; the remainder to go, at the decease of the first devisee, agreeably to the direction of the will.

The death of one, entitled to a remainder in fee by the terms of a will, before the testator, if he be a lineal descendant or relative of the testator, does not cause the devise to him to lapse and become void, but his lineal descendants take by statute, in Rhode Island, the same estate which he would have taken had he survived the testator.

Such remainder to the children generally of the tenant for life, will not be held to be contingent upon the survivorship by the children of the tenant for life, when there is nothing to indicate an intent to make the interest of the children thus contingent, and the interest of a child so dying vests in his descendants.

A power by will to a tenant for life to appoint by will in fee, with remainder over in fee to the children of the tenant in default of such appointment, cannot be executed by deed, so as to defeat the estates of the children.

TRESPASS and ejectment for a lot of land lying in the compact part of the town of Bristol, which the plaintiff claimed under

the will of her late husband, Francis Moore, as devised to her, with his other real estate, during widowhood. The action was originally brought against William R. Taylor, to whom the defendant had sold the lot with warranty of title, and the defendant, upon being served with a summons *ad warrantizandum*, pleaded to, and assumed upon himself the defence of the case.

Upon the trial before the chief justice and Mr. Justice Bosworth, with a jury, at the September term, 1857, under the general issue, it was admitted that Hannah Martin, under whom both parties claimed, died seised of the lot of land in question in September, 1816, and by the sixth clause of her will, dated June, six years before, disposed of it, with the rest and residue of her real and personal estate, in the following words, viz :—

"I give, devise, and bequeathe to my daughter, Elizabeth Diman, all the rest and residue of my estate, both real and personal, wherever it may be found, during the term of her natural life, and after her decease, to her children, with liberty to devise the same at her discretion ; but if she should decease without any such bequest or devise, then my will is, that all her children inherit the same, share and share alike, to them, their heirs and assigns, forever."

Elizabeth Diman, the daughter, who, at the death of her mother, was married for the second time, had, by her first husband, one son, Thomas Moore, who died in April, 1816, some six months before the testatrix, Hannah Martin, leaving four children, viz : Julia, now Julia Warner, Elizabeth M. now Elizabeth M. Richmond, still surviving ; and Samuel S. who died intestate and without issue, and Francis Moore, who died in January, 1851, and under whose last will and testament the plaintiff claimed as above.

By her second husband, Royal Diman, Elizabeth had other children, viz : Francis M., the defendant ; Hopestill P. ; Henry W. ; Fanny, now Fanny Jones ; and Margaret, who still survive, and Royal Diman, Jr., who died intestate, and without issue, in September, 1822.

Elizabeth Diman died in February, 1855, intestate ; but by deed dated in 1828, conveyed to her son, Henry W. Diman,

the lot of land in question, under whom it was agreed the defendant duly derived title by deed thereto, so far, as under the above facts, the said Henry W. Diman had title to convey to him.

Upon this state of facts, the counsel for the defendants requested the court to instruct the jury :—

*First.* That the will of Hannah Martin gave to Elizabeth Diman the lot of land in question in fee-simple, and that, upon that ground, the plaintiff was not entitled to recover.

*Second.* That if not, and the jury find that the lot in question was sold by Elizabeth Diman to pay the legacies named in the will of Hannah Martin, said Elizabeth took a fee-simple in said lot, which passed by her deed to Henry W. Diman, and by his deed to the defendant, and that, upon this ground, the plaintiff was not entitled to recover.

*Third.* That the power to Elizabeth Diman contained in the will of Hannah Martin was well executed by her deed to Henry W. Diman, and that, upon this ground, the plaintiff was not entitled to recover.

*Fourth.* That if said Elizabeth Diman had only an estate for life in said lot of land by the will of Hannah Martin, the remainder to her children did not vest until the death of the testatrix or of the tenant for life ; and that the remainder was only to go to persons of the class of children of Elizabeth Diman at the time of her death; and that Thomas Moore, from whom the plaintiff claims title, having died before either of those dates, the plaintiff is not entitled to recover.

*Fifth.* That the eighth section of the statute relating to devises does not apply to this case, and give the representatives of a deceased child of said Elizabeth, who died before either of said dates, a right to the share of their ancestor, had he lived ; and that the plaintiff, upon this ground, was not entitled to recover.

The court, however, refused to instruct the jury as requested, but charged the jury, that under the will of Hannah Martin, Elizabeth Diman took but an estate for life ; that she had no power under said will to convey the premises by deed ; that upon the death of Hannah Martin the remainder vested in the

children and grandchildren of said Elizabeth, the grandchildren taking the share of their parent, and that by the will of Francis Moore the plaintiff was entitled to recover his undivided interest in the premises.

Under these instructions, the jury having returned a verdict that the defendant was guilty as to one eighteenth undivided part of the lot sued for, and not guilty as to the remainder, the defendant now moved for a new trial upon the ground of misdirection in matter of law in said instructions, which motion was at this term heard.

*J. S. Pitman,* for defendant :—

I. A devise of real and personal estate, as rest and residue, to an executor, there being antecedent legacies, gives a fee to the executor. *Cole* v. *Turner,* 4 Russ. 376 ; *Oates* v. *Cooke,* 3 Burr. 1684 ; *Lewis* v. *Darling,* 16 How. 1, 10 ; 2 Jarman on Wills, 532, 533.

II. A devise to one for life, and after her death to her children, as an estate of inheritance, gives a fee to the tenant for life. *Thomas* v. *Thomas,* 1 Rawle, 120 ; *Demver* v. *Trescott,* 2 Am. Law Reg. 366, 370, 372.

III. By a devise to A. for life, and after her death to her children, with liberty to devise, no title vests except in those of the class of children living, first, at the death of the testator ; *Viner* v. *Francis,* 2 Bro. Ch. 658 ; *Scott* v. *Harvard,* 5 Madd. 332 ; *Needham* v. *Smith,* 4 Russ. 318 ; *Leigh* v. *Leigh,* 23 Eng. L. & Eq. 104 ; *Heath* v. *Heath,* 2 Atk. 122 ; *Miles* v. *Boyden,* 3 Pick. 213 ; *Martin* v. *Kirby,* 11 Gratt. 67 ; 2 Powell on Devises, 303, 304, 500 ; 1 Jarman on Wills, 486 ; 2 Ib. 76, or, second, in those of the class of children living at the death of the tenant for life. *Coleman* v. *Seymour,* 1 Ves. Sen. 210 ; *Boyle* v. *Peterboro,* 1 Ves. Jr. 308, 309 ; *Watson* v. *Wood,* 3 R. I. R. 226 ; *Hoghton* v. *Whitgreave,* 1 Jac. & Walk. 145 ; *Kennedy* v. *Kingston,* 2 Ib. 430 ; *Hackins* v. *Tate,* 1 Casey, 249 ; 1 Jarman on Wills, 745, note.

IV. A devise to children is a devise to a class, the individuals of which are to be ascertained at the period of distribution, and is never extended to grandchildren. *Walsh* v. *Wallinger* 2 Russ. & Mylne, 78 ; *Needham* v. *Smith,* 4 Russ. 318 ; *Dick-*

*man* v. *Lee*, 4 Watts, 82; *Robinson* v. *Hardcastle*, 2 Brown, Ch. 30; 2 Pow. on Dev. 298; 2 Jarman on Wills, 70.

*W. H. Potter*, for the plaintiff :—

*First.* By the devise in question the estate passed to and vested in the children of Elizabeth Diman, liable to be divested by her will, made and executed according to the statute regulating the execution of wills. *Hawley* v. *James*, 5 Paige, 318; *Mitchell* v. *Johnson*, 6 Leigh, 461; *Annable* v. *Patch*, 3 Pick. 363.

A power to appoint or convey by will cannot be executed by deed. *Tomlinson* v. *Dighton*, 1 P. Wms. 149; *Doe* d. *Thorley* v. *Thorley*, 10 East, 438; *Reid* v. *Shergold*, 10 Ves. 370; *Paul* v. *Hewston*, 2 Myl. & K. 434; S. C. 8 Eng. Cond. Ch. R. 71; *Methodist Episcopal Church* v. *Jacques*, 3 Johns. Ch. R. 77, 113. A power to be executed by a writing with two witnesses, or by a will with three witnesses, cannot be executed by a will with only two witnesses. *Smith* v. *Smith*, 8 Sim. 86, and see 2 Eng. Cond. Ch. R. 336; 3 Ib. 253; Sugden on Powers, in vol. 15 Law Lib. 139, 141.

*Second.* Though Thomas Moore died before the . testatrix, yet his children take under her will. The gift to the children of Elizabeth Diman is not to take effect in possession at once, and therefore lets in all of that class at the time of distribution. 2 Jarman on Wills, 75.

The word " children " here is synonymous with the word " issue," according to the plain intent of the testatrix. *Wyeth* v. *Blackman*, 1 Ves. Sen. 196; *Horsepool* v. *Watson*, 3 Ves. 383; *Dottrel* v. *Welsh*, 2 Sim. 319; *Simpson* v. *Simpson*, 5 Scott, 770; *Merryman* v. *Merryman*, 5 Munf. 440. But whether the estate passed by the will directly to the children of Thomas Moore is immaterial here, because the statute of this state covers this case, and vested in his children the same estate which the will would have vested in him had he survived Hannah Martin. Dig. of 1798, p. 282; Dig. of 1822, p. 218.

BRAYTON, J. The title of the plaintiff in this case depends, mainly, upon the construction to be given to the will of Hannah Martin, and whether any interest under the same vested in those

11 *

through whom the plaintiff claims. That interest, if any, is derived under the devise contained in the sixth clause of the will before set forth in the statement of facts.

The defendant says, that nothing passed by the devise to any of the children of Elizabeth Diman or to their descendants, but that, by force of this devise, an estate in the premises in question vested in the said Elizabeth in fee-simple; and his argument is, that as this devise of all the residue and remainder of the testator's estate is made subject to the charge of the debts and legacies, and as the said Elizabeth Diman was also made executrix, an estate in fee must have been intended to pass to her, to enable her to discharge them; and the cases of *Cole* v. *Turner*, 4 Russell, 376; *Oates* v. *Cook*, 3 Burr. 1684, and *Lewis* v. *Darling*, 16 How. 1, are cited, in support of this position. It will be seen from these cases, that the devises were not by any express terms limited for life only to the first devisee, nor were there any words expressly declaring them to be in fee; but, from the language of the will, the matter was left open to construction. The words " heirs and assigns," and all words of similar import, are omitted in the case in the 4th of Russell. There the devise was charged with the payment of debts and legacies, but the estate was not given over, and it was held that a fee must have been intended. The case in Burrow is similar; and the court there say, that " no particular terms are necessary. It is sufficient if the implication be strong and violent;" and they held, in that case, that such was the presumption. In the case in 16 Howard, the implication is stronger; for the devise was to the testator's daughter, as sole heiress.

But all these cases proceed upon the idea, that the question, whether the devise was intended to be in fee, or for life only, is, by the words of the devise, left open to construction, and that there is nothing in the express words to limit it for life. 2 Jarman on Wills, 172; *Denn* v. *Slater*, 5 T. R. 335; *Goodtitle* v. *Edmonds*, 7 Ib. 635; *Doe* v. *Owens*, 1 B. & Ald. 318; *Willis* v. *Lucas*, 1 P. Wm. 474. In the case before us, the devise to Elizabeth Diman, the daughter, is expressly for life only; and upon her decease, is as expressly given over to her children, their heirs and assigns forever, leaving nothing to implication. The

intent of the testatrix is made too clear, by express language, to leave any doubt that the gift to her was to be for life only.

But the defendants argue, secondly, that this being a devise to Elizabeth Diman for life, and the estate then given to her children as an inheritance, a fee must pass to the said Elizabeth, the first devisee. At the common law, and by the rule in Shelley's case, if an estate be given to the first devisee for life and then an estate be limited over to the children or issue generally of such devisee in fee-simple, a fee-tail might perhaps be vested in the first devisee, and the devise over be construed as a limitation only of the quantity of estate which was to vest in him, and not as a gift over of the same estate, in remainder; construing the word " children " or " issue " as words of inheritance, and not as words of purchase. The rule however in Shelley's case, being contrary to the policy of our law, which is to destroy estates tail, has, so far as such a case as this is concerned, been long since, and before the making of this will, abolished; and the statute declares, that " a devise for life to any person, and to the children or issue generally of such devisee, in fee-simple, shall not vest a fee-tail estate in such devisee, but an estate for life only ; " and declares further, that " the remainder shall, on his decease, vest in the children or issue generally, agreeably to the direction in such will."

Under this statute therefore, the devise to Elizabeth Diman could not be enlarged by the devise to her children or issue, but her estate must expire at her death, and the remainder over to her children take effect then as an estate in fee-simple, according to the direction of the testator.

Another position assumed by the defendant, is, that although the devise to Elizabeth Diman be construed to be a devise to her for life only, and the remainder to be given over to her children, yet, inasmuch as Thomas Moore, one of the children under whom the plaintiff now claims, died before the decease of the testator, no estate vested in him which could be transmitted to his descendants. Had the devise over been made to Thomas Moore by name, or to him, as one of the children of Elizabeth Diman, and he had died before the testatrix, as the will took effect only from the testatrix's death, no estate could have passed

to him by the common law, but the devise would have lapsed and become void. This rule of the common law has however been modified by our statute, (Digest, 1798, p. 282,) and so far as any relative of the testator who may have lineal heirs is concerned, the rule is abolished; leaving it in full force as to all such devisees as have no lineal heirs or who are not relatives of the testator. The statute declares, that "when any child, grandchild, or relation, having a devise or bequest of real or personal estate, shall die before the testator, leaving lineal descendants, such descendants shall take the estate, real or personal, in the same way and manner such devisee would have taken, had he survived the testator." The fact, therefore, that Thomas Moore died before the testator, and before the will went into effect, would not render the devise void. Though the estate could not vest in the devisee named, since he was not in being when the will took effect, the statute nevertheless vests it in his lineal descendants in the same manner as if he had survived the testator and then died. If then, an estate would have vested in Thomas Moore, had he survived the testator, the same estate, by force of the statute, passed to his children. If no estate would, in such case, have vested in him, then none passed to his children; for the statute only provides for the case of a devisee dying before the testator, and not afterwards.

The defendant says, that had Thomas Moore survived, no estate would have vested in him, until the death of the tenant for life; that until then, no interest would have vested in any of the children of the first devisee, and then only, in those who were then surviving; in other words, that the remainder to them was contingent, and that the individual children who were intended to take were not ascertained until the death of the mother. There is nothing in the terms of the devise to indicate any intention of the testator that the remainder should go to those only of the children who might survive her. Had there been, the gift must have been confined to such survivors; neither is there anything from which to infer, that any other period or event was fixed for ascertaining the individuals who were to take, or that it was intended to confine the gift to any number of her children less than the whole. Besides, it appears from

the statement of facts, that all the children were living at the date of the will.

Now the rule is, that where a devise is made to a class of persons, as to children, and no time is fixed by the testator, if the gift is to take effect immediately in possession, the estate vests immediately on the testator's death in all those who are living. They all take a vested interest. 2 Jarm. on Wills, p. 75, and cases there cited. And where a particular estate is first given, and a devise over to children, the rule is the same as to those then living. Ib. The only difference is, that in the last case (which does not exist in the case before us since none of the children were born after the testator's decease,) that though the entire remainder vests in the children living at the death of the testator, it is nevertheless subject to be divested so as to let in such children as may be born after the testator's death, and before the period when it is to vest in possession and be distributed. 8 Ves. 375; 10 East, 503 a; 4 Madd. 495; 7 Metc. 30. In both cases the remainder vests equally. An estate therefore would have vested in Thomas Moore had he been living at the testator's death; and, by force of the statute, passed to his children in the same manner it would have done, had he died after the death of the testator. In *Weston* v. *Foster*, 7 Metc. 300, it was held, that if a child living at the death of the testator died before the time of distribution, viz: the expiration of the particular estate, his portion of the estate having vested, descended to his heirs general.

There was another point made by the defendant's motion for a new trial, that whether Elizabeth Diman, the first devisee, took in fee, or for life only, the devise conferred upon her a power to dispose of the estate absolutely, at her discretion; and that, inasmuch as she had executed a deed of the lands to Henry W. Diman in fee, the power was thereby well executed, and the estate passed by the deed.

This point was not pressed in the argument, and is clearly untenable. The estate which vested in the children, on the death of the testator, vested in them subject to be divested by the execution of the power conferred by the will; *Hawley* v. *James*, 5 Paige, 318; *Annable* v. *Patch*, 3 Pick. 363; 6 Leigh. 461; but

then, it cannot be divested by the execution of any other power. The power given, is to *devise*, and not to sell and convey by deed. The power must be executed in the mode prescribed by the instrument which confers it, and if not so executed, it passes nothing. *Meth. Episc. Church* v. *Jacques*, 3 Johns. Ch. 77; *Reid* v. *Shergold*, 10 Ves. 370; *Tomlinson* v. *Dighton*, 1 P. Wms. 46; Sugden on Powers, 260–262. The deed of Elizabeth Diman was no execution of the power conferred in the will, and did not operate to divest the estates of her children.

We find therefore no ground for a new trial in any of the causes assigned. Under this will, Elizabeth Diman took an estate for life, and for life only, with power to devise the same at her discretion, which power she never executed by making any devise. A remainder was given over to her children, which vested in them at the death of the testatrix, so many as were then living, and in the lineal descendants of such as died before the testatrix, and the jury were substantially so instructed.

*There must be judgment upon the verdict.*