*Herbert Almy and John F. Lonsdale*, for various respondents.

---

EDWIN S. ROSS *et al. vs.* WALTER J. NETTLETON *et al.*

PROVIDENCE—APRIL 21, 1902.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Wills. Trusts. Vested and Contingent Remainders.*

Executory devise as follows: "I devise and bequeath all the rest and residue of my real and personal estate in trust to manage and dispose of the same to and for the use and benefit of my granddaughter C. during her life, and after her death to and for the use and benefit of the children of the said C. and their legal representatives, if any of them be dead, and their heirs. And if the said C. shall die without any child or

children or their legal representatives living at the time of her decease, then and in such case my will is and I order and direct my trustees to pay out of my said estate as follows : unto my brother E., if then living, the sum of $1,000,'' etc.

At decease of testatrix, said C. had three children then living, A., B., and W. Said A. died, without leaving issue, before the decease of her mother, and upon the decease of C. her then living descendants were said B. and W.

Upon the question whether the estate in remainder vested in the three children of C. living at the decease of the testatrix, or, one having subsequently deceased without issue, it vested in the two children living at the decease of the life tenant :—

*Held*, that in such cases the question to be determined was always—was futurity annexed to the substance of the gift? If so, the vesting was postponed ; or was it annexed to the time of payment only? If so, the legacy vested immediately.

*Held*, further, that it was evident from the will as a whole, although inartificially expressed, that the intent of testatrix was that the remainder of the estate after the death of C. should go only to such of C.'s children as should survive C.

*Held*, further, that the devise operated as a contingent remainder to the children of C. conditional upon their being alive to take at the time of the decease of their mother, and that the estate vested in the children of C. living at the time of *her* decease.

BILL IN EQUITY to terminate a trust under a will.

TILLINGHAST, J.    This bill is brought to terminate the trust under the will of Nancy Simmons, which will was admitted to probate in the Municipal Court of Providence on July 14, 1868 ; to determine the persons entitled to the trust estate in remainder, under said will ; and to divide the estate amongst the persons entitled thereto by means of partition proceedings.

The third clause of said will creates the trust referred to, and the only question now before us is, when and in whom, under said clause, the estate in remainder created thereby vested.

Said clause reads as follows :    '' Third.    I devise and bequeath unto my nephew, John Taylor, of Providence, and Mr. Samuel N. Richmond of said Providence and the survivor of them and in case of his death unto such person as the Supreme Court of the State of Rhode Island shall appoint as Trustees all the rest and residue of my real and personal

estate in trust to manage and dispose of the same to and for the use and benefit of my granddaughter Caroline W. Simmons during her life, and after her death to and for the use and benefit of the children of the said Caroline and their legal representatives if any of them be dead and their heirs. And if the said Caroline shall die without any child or children or their legal representatives living at the time of her decease then and in such case my will is and I order and direct my said trustees to pay out of my said estate as follows, to wit ; unto my brother Ephraim Talbot if then living the sum of one thousand dollars ; if not then living to pay the said sum of one thousand dollars unto Anna Talbot daughter of said Ephraim Talbot ; to my niece Mary T. Earle wife of Henry Earle, and to Harriet Richmond wife of said Samuel N. Richmond equally to be divided between them and their respective heirs ; to pay unto my nephew Joseph Story Pitman the further sum of three hundred dollars and to Gustavus Taylor the son of my nephew John Taylor the further sum of three hundred dollars and all the rest and residue of my said estate I devise and bequeath and order my said trustees to pay over or convey accordingly unto my sister Mary T. Pitman, wife of John Pitman and her heirs and to Ruth Ann Taylor wife of said John Taylor and her heirs equally to be divided between them."

The facts which are undisputed are that at the time of the decease of the testatrix said Caroline W. Simmons was the wife of one Charles A. P. Mason, and that their then living descendants were their three children, Annie T. Mason, Carrie B. Mason, and William S. Mason, and that no other child was subsequently born of said Caroline W. Simmons ; that said Annie T. Mason died, without leaving any issue, before the decease of her mother ; and that upon the decease of said Caroline, her then living descendants were her said two children Carrie B. and William S. Mason.

In view of these facts, the only question raised is whether the estate in remainder created by said clause of the will vested in the three children of said Caroline W. Simmons, living at the time of the decease of the testatrix, or, one hav-

ing subsequently deceased without issue, it vested in the two children living at the time of the decease of the life tenant, Caroline W. Simmons.

The complainants contend that under said clause of the will the equitable estate in remainder, after the death of Caroline W., did not vest until her decease; while the respondents contend that said equitable estate in remainder vested at the time of the decease of the testatrix, in all of the said children of said Caroline W., namely—Annie T., Carrie B., and William S. Mason.

In support of their contention that said estate in remainder vested at the time of the decease of the testatrix, the respondents rely upon the well-known rule of law which obtains in the construction of wills, namely—that the law favors the vesting of estates immediately upon the death of the testator, and will not regard the remainder as being contingent, in the absence of a clear intent on the part of the testator to that effect.

That such is the law in this State there can be no doubt. See *Rogers* v. *Rogers*, 11 R. I. 38; *Kenyon, Pet'r.*, 17 R. I. 149. And that such is also the general rule, see Redfield on Wills, vol. 2 (ed. of 1866), p. 597, § 7; 1 Jarman on Wills, 6th ed. * pp. 756–7; Am. & Eng. Ency. of L., vol. 29, p. 447. The law also is that where there is a prior gift created, which is determinable upon an event which is certain to take place, coupled with a gift over upon such determination, "the last gift will vest with the first, and it will be held that the possession and enjoyment of the gift is postponed, but not the gift itself." *Staples* v. *D'Wolf*, 8 R. I. 118. But this (1) court further said, in that case, that "it is, however, a question of intent, to be gathered from the whole will, and the construction might be varied, if, from other parts of the will, it appeared that the testator intended that the gift itself should not take effect until the happening of some event in the future; and the question is always—is futurity annexed to the substance of the gift? If so, the vesting is postponed; or is it annexed to the time of payment only? If so, the legacy vests immediately."

The rule laid down by Mr. Washburn is that "The present *capacity* of taking effect in possession, if the possession were now to become vacant, and not the certainty that the possession will become vacant before the estate limited in remainder determines, universally distinguishes a vested remainder from one that is contingent." The author further says, however, that "By *capacity*, as thus applied, is not meant simply that there is a person *in esse*, interested in the estate, who has a natural capacity to take and hold the estate, but that there is further no intervening circumstance, in the nature of a precedent condition, which is to happen before such person can take. As, for instance, if the limitation be to A. for life, remainder to B., B. has a capacity to take this at any moment when A. may die. But if it had been to A. for life, remainder to B. after the death of J. S., and J. S. is still alive, B. can have no capacity to take till J. S. dies. When J. S. dies, if A. is still living, the remainder becomes vested ; but not before." 2 Washb. on Real Prop., 5th ed. 594–5 ; *Sager* v. *Galloway*, 113 Pa. St. 509.

We are to inquire, then, whether in the clause of the will before us there is any intervening circumstance in the nature of a condition precedent to the taking of said equitable estate by the remainder-men. That is, whether the death of said Caroline, the life tenant, was a condition precedent to the vesting of the equitable estate in fee in her children.

Although the will in question is very badly drawn, particularly in that certain well known legal terms are so used as to preclude the possibility of their having their ordinary significance, yet upon a careful study of the instrument as a whole, we think the intention of the testatrix, which is the paramount object to be sought for, is quite clearly apparent.

In the first place, she gave to her granddaughter, Caroline W. Simmons, a life estate in all of her property with the exception of a small bequest of thirty dollars to the Sunday-school connected with the church with which she worshipped. This shows that she had in mind one of her direct descendants, as the first and primary object of her bounty. Her next intention evidently was that the children of her grand-

daughter should be the next recipients of her bounty, thus showing that she desired the estate to continue in this line. She therefore provided that after the death of her grand-daughter said property should go to the use and benefit of the children of said Caroline, "and their legal representatives, if any of them be dead, and their heirs." She further provided that if said Caroline should die without any child or children or their legal representatives, "*living at the time of her decease,*" then and in such case the trustees were to distribute the property amongst her other kindred specifically mentioned.

This last named provision throws much light upon the clause as a whole, and practically furnishes the guide to the interpretation thereof. It very clearly shows that in the event of the death of all the children of said Caroline and their heirs (the testatrix using the term "heirs" in the sense of "issue") prior to the death of said Caroline, then said estate should go to her brother Ephraim Talbot, her niece Mary T. Earle, and the other relatives named. And it is at once apparent that this provision would be entirely frustrated and rendered nugatory by the construction contended for by the respondents. For it is clear that, if the estate in remainder vested in said three children at the time of the death of the testatrix, there would be nothing left by the will, in any event, for the persons afterwards named. And it is a well-settled rule in the construction of wills that they should be so construed as to give effect to every part thereof, if possible.

We think the phrase "if the said Caroline shall die without any child or children or their legal representatives living at the time of her decease" clearly shows that the testatrix had in mind the possibility of all of said children dying without issue, before the decease of said Caroline, and that she clearly intended that in such case the estate should go as afterwards provided. Had the phrase "living at the time of her decease" been inserted immediately after the phrase previously occurring in said clause, namely—"and after her death to and for the use and benefit of the children of said Caroline,"

9

so that it would have read : " And after her death to and for the use and benefit of the children of said Caroline *living at the time of her decease,*" there could have been no doubt that said estate in remainder would not have vested until the death of said Caroline.   The absence of said words in that particular connection, however, is not controlling in view of the fact that they subsequently appear in a connection which shows that what the testatrix had in mind as the objects of her bounty upon the decease of her granddaughter was the children of said granddaughter who should then be living, together with the issue, if any, of such of them as should then be dead.

Had said clause of the will ended after providing that the use and benefit of the estate was to go to Caroline for life and after her death to the children of said Caroline " and their legal representatives, if any of them be dead, and their heirs," it would doubtless have vested an equitable estate in fee in remainder in all of said children upon the death of the testatrix, under the rule, aforesaid, that the law strongly favors the vesting of estates.    But as it is evident, from what follows the gift to Caroline and her children, that it was the intent of the testatrix that the remainder of said estate, after the death of Caroline, should go only to such of Caroline's children as should survive *her*, the remainder could not vest until the death of Caroline.

The case of *Moore* v. *Dimond*, 5 R. I. 121, is instructive upon the question of the proper interpretation of said clause. There this court held that as there was nothing in the terms of the devise to indicate any intention of the testatrix that the remainder should go to those only of the children of Elizabeth Dimond, the life tenant, who might survive her, the remainder over vested in such children at the death of the testatrix.    But the court also held that had there been an intention manifest on the part of the testatrix that the remainder should go only to those of the children of the life tenant who might survive the latter, it would have operated as a contingent remainder and the gift would have been confined to such survivors.

Finally, then, we think the devise in question was not intended to take effect *in presenti*, as to the children of Caroline, but was intended to take effect *in futuro*. And, there being a subsisting estate of freehold in existence at the time of the death of the testatrix, by which the estate *in futuro* was upheld during the period of its suspension, the devise over to the children of Caroline operated as a contingent remainder. That is to say, the gift to Caroline's children was conditional upon their being alive to take at the time of the decease of their mother; and, therefore, the equitable estate in fee in remainder, to the property in question, did not vest in Caroline's children until it vested in the living children at the time of her decease.

We therefore decide, that the estate in remainder created by said clause did not vest in the children of said Caroline living at the time of the decease of the testatrix, but that it vested in the children of said Caroline who were living at the time of *her* decease; namely, Carrie B. Mason and William S. Mason.

As it is apparent that the active trust created under said will terminated upon the decease of the life beneficiary, Caroline W. Simmons Mason, and that the persons interested in the estate in remainder upon her decease became entitled to the legal estate and to be placed in possession thereof free from any trust, the complainants are entitled to a decree terminating the trusts under said will, as prayed.

*Albert A. Baker*, for complainants.

*Warren R. Perce and Howard A. Lamprey*, for respondents.