EDWIN TETLOW *et al.* Trs. *vs.* ELLEN P. CAPRON *et al.*

APRIL 4, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, and Sweeney, JJ.

SWEETLAND, C. J. This case is brought by substituted trustees praying for the construction of certain provisions of, and for instructions relative to, a trust created by the last will and testament of James W. Gwinn, deceased, late of Providence.

In the Superior Court the cause being ready for hearing for final decree has been certified to this court for determination.

James W. Gwinn died on December 15, 1906, and his will, executed March 6, 1906, was duly probated by the Municipal Court of Providence. At the time of the execution of the will, and also at the death of the testator, his wife and son were persons of unsound mind confined in the Butler Hospital for the Insane. The will provided that all of the testator's residuary estate should be held in the trust now in question. Under the terms of the trust, provision was made for the care and maintenance of the testator's wife and son during the life of each, with certain other provisions for the benefit of each if restored to soundness of mind. These latter provisions were inoperative since each remained *non compos mentis* during life. The testator's son died September 15, 1914. His wife died January 14, 1926. The will further provided that upon the death of the survivor of the wife and son "my said trustees shall convert all of said estate into money and the foregoing trust shall terminate and cease, and thereupon all the said trust property with

the accumulations thereof, if any, shall be divided into twenty-two (22) shares or parts and distributed as follows:" Then follow provisions giving these shares to certain beneficiaries. One of these gifts was in the following terms: "to my sister, Mary A. Gwinn, two (2) shares, but should the aforesaid Mary A. Gwinn at the termination of the aforesaid trust be dead, the above mentioned two (2) shares shall be divided pro rata among the remaining shares of the said trust." · Mary A. Gwinn died August 25, 1908, and the two shares bequeathed to her are to be divided pro rata among the remaining shares, in effect rendering the estate divisible into twenty shares.

Controversy has arisen as to certain gifts of said shares. The first of these questions relates to the gift of three shares to Annie E. McCloy. The provision is as follows: "to Annie E. McCloy, spinster, three (3) shares, but in case said Annie E. McCloy at the time of the termination and distribution of the aforesaid trust be dead and without issue, the last mentioned bequest shall be distributed pro rata among the remaining shares of the said trust."

As has been stated above the testator's wife died January 14, 1926. The trust estate, in addition to money on deposit, consisted, to a large extent, of stocks, bonds, notes and mortgages. The trustees in accordance with the directions of the trust began the conversion of the trust estate into money. Although carried on with due expedition this conversion was not completed by the trustees until April 11, 1927. In the meantime on July 10, 1926, Annie E. McCloy, the beneficiary under this particular bequest, died testate, unmarried and without issue. The executor of her will contends that the three shares of the trust estate, which are the subject of the bequest in question, upon the decease of the survivor of those having the preceding interests, i. e., upon the death of the testator's wife, became vested in enjoyment in Miss McCloy, and should now be paid to him as her personal representative. Certain of the legatees have demanded that the trustees should now distribute the three

shares in question pro rata among the legatees of the other twenty shares upon the ground that the interest of Miss McCloy became divested upon her death prior to the "termination and distribution of the . . . trust."

In support of his contention, the executor of Miss McCloy urges that by the application of the doctrine of equitable conversion it should be held, for the purpose of construction, that upon the death of the settlor's wife, Mrs. Gwinn, there was an immediate conversion of the trust estate into money and the three shares in question were then payable to Miss McCloy and hence there was no divestiture of her interest by her subsequent death prior to the actual conversion of the trust estate into money through the action of the trustees.

The doctrine of equitable conversion is a fiction of equity arising from an application of the familiar maxim that equity regards that as done which ought to be done. This doctrine is most frequently applied with reference to a direction in a will or deed that land be converted into money, sometimes with reference to a direction that money be expended in the purchase of land. We are not prepared to hold that it would violate equitable principles to apply the doctrine, as is now sought, with reference to a direction to convert personal property generally into the form of money. In such case, however, as in all others, its application would not be justified if thereby the plain intention of a testator or a settlor would be defeated. It will be necessary first to find, from the language of the trust, that it was the testator's intention that the trust should terminate and the shares become payable immediately upon the death of the survivor of the testator's wife and son. We will consider the question of the probable intention of the testator upon this matter in connection with the second contention of the executor of Miss McCloy, which is that the trust should be held to have terminated upon the death of the testator's wife although the trustees had further duties to perform in connection with the conversion of the property into money, a division of the

trust estate into shares and the distribution of such shares to the legatees. In support of this position the executor has cited a number of English cases and cases from New York, New Jersey and other American jurisdictions. We have examined these cases. Some involve the question of the time of the vesting of a legacy in regard to which there was no provision for divesting. With such cases we can readily agree as under the rule of the Rhode Island cases this court will hold that the legacy now under consideration vested upon the death of the testator, and that in the absence of a provision to that effect would not be divested by the subsequent death of the legatee. Some of the cases cited, however, clearly involve the question of whether a legacy which had vested in interest at the death of the testator became divested by the happening of some event subsequent to the death of the one entitled during his life to the income of the trust estate, but before the distribution of the trust estate. In such cases cited it has been held that in the absence of clear direction to the contrary there has been a termination of the trust immediately upon the death of the person holding the last beneficial interest in the trust estate although there still remain duties for the trustee to perform. These latter mentioned cases in general principle are contrary to the Rhode Island decisions, *National Bank of Commerce* v. *Smith*, 17 R. I. 244, 256 and 258, *R. I. Hos. Trs. Co.* v. *Harris*, 20 R. I. 160, at 162, and it has been frequently held by this court in cases not appearing in our reports that a trust continues while the trustee has active duties to perform. Moreover the executor admitted in argument that the principle relied upon by him would not override an express contrary intention appearing in the trust instrument. It appears clear to us that this testator in unequivocal language has indicated such intention. His direction was that the trust shall terminate upon the conversion of the trust estate into money. The language does not fairly admit of the construction that the conversion intended was one resulting from the application of a legal

fiction but was to be a conversion, as the testator has prescribed, by the action of "my said trustees." There is force in the suggestion of the executor of Miss McCloy that in this view the time of the termination of the trust would depend upon the diligence or the inactivity of the trustees. That is true but the testator in reliance upon the judgment and industry of his trustees has so provided. *Spencer, Petitioner*, 16 R. I. 25. Furthermore the trustees would administer the estate under the direction and control of the Superior Court and that court can compel a due performance of their duties. Having thus specified as to the time of the termination of the trusts and the distribution of the trust property, the testator with equal clearness has provided that the legacy to Miss McCloy, which became vested in her at the testator's death, should be divested by her death without issue prior to the termination and distribution of the trust. Miss McCloy having died without issue prior to the termination of the trust, the trustees are to follow the directions of the testator and distribute the three shares bequeathed to her "pro rata among the remaining shares of the said trust."

The second question as to which instruction is sought relates to the following bequest: "to the children of my niece, Alida G. Pickens, or in the event of the decease of any of said children prior to the termination of my said trust estate leaving issue, to such issue *per stirpes*, five (5) shares."

There were five children of Mrs. Pickens alive at the time of the execution of the will and also at the time of the testator's death. After the death of testator and prior to the termination of the trust two of the children of Mrs. Pickens died intestate and without issue. Surviving children of Mrs. Pickens now claim that this was a bequest to said children as a class, that as to each child his enjoyment of the bequest was contingent upon his being alive at the time of the termination of the trust, and that then the subject of the bequest was to be distributed in equal portions to the surviving members of that class. This question

168

is governed by the Rhode Island cases favoring vesting of testamentary gifts. Under the doctrine of those cases the legacy in question vested in equal shares in the five children of Mrs. Pickens subject, as to each child, to divestiture solely in the event of the death of such child before the termination of the trust leaving issue. The legacy is now to be distributed by the payment of one-fifth thereof to each of the surviving children of Mrs. Pickens, and one-fifth to the personal representative of each deceased child. *In re Norris*, 46 R. I. 57, and cases therein considered and approved.

On April 11, 1928, the parties may present a form of decree in accordance with this opinion.

*Edwin J. Tetlow*, for complainants.

*Ralph M. Greenlaw*, for executor.

*Arthur E. Munro*, for respondents Barney.

*Tillinghast & Collins, Colin MacR. Makepeace (Joseph F. McCloy, H. Herbert Romanoff of New York Bar)*, for respondent Ruttenber.

*Harold W. James, Arthur A. Rhodes*, for respondents Pickens.

*Edwards & Angell, Eliot G. Parkhurst, John S. Dole*, for respondents Daughaday, *et al.*

*Gardner, Moss & Haslam*, for Butler Hospital.