WILLIAM EARL DODGE, *Admr. c.t.a. vs.* GLADYS D. SLATE *et al.*

JULY 10, 1945.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker & Condon, JJ.

CAPOTOSTO, J.   This is a bill in equity for the construction of the will of Winfield S. Dodge, Jr., late of the town of New

Shoreham, deceased. Being ready for hearing for final decree in the superior court, it was certified to this court for determination in accordance with the provisions of general laws, 1938, chapter 545, §7. The respondents are all the persons who have a legal interest in the determination of the questions raised in this cause; and all of them, except Merrill E. Slate, a minor who is represented by a guardian *ad litem,* are of full age.

The particular clause of the will for construction reads as follows:

> "First: After the payment of my just debts and funeral expenses, I give, devise and bequeath all my property both real and personal, which I now possess, or will acquire through purchase or inheritance, wheresoever the same may be located or situated, to my heirs now living, share and share alike. In the event that any of my heirs now living shall not survive me, then and in that event the share or shares of those deceased shall be distributed equally among the heirs surviving me."

This clause, which is not affected by any other provision in the will, presents two questions for determination: First, whom did the testator intend to designate as his beneficiaries by the word "heirs"? Second, what share of the estate is each such person entitled to receive?

No testimony was taken in the superior court. It appears from the bill of complaint and the answers thereto that the will was executed January 2, 1940; that the testator died April 2, 1942; and that the will was duly admitted to probate on June 1, 1942, at which time the complainant was appointed administrator *c.t.a.* The testator's father and mother, who were living when the will was executed, predeceased him. The testator left surviving him (1) a sister, Gladys D. Slate, and her three children, Albion D. Slate, Claire Slate and Merrill E. Slate; and (2) Barbara Frances Conlong and Della Gladys Hodge, children of testator's sister, Hazel May Jones, who died May 18, 1923.

All of the persons above mentioned as having survived

the testator are respondents in this cause. Albion D. Slate and Claire Slate admit in their answers that they are not heirs at law of the testator because their mother, Gladys D. Slate, the testator's sister, is living and a respondent here. The guardian *ad litem* for Merrill E. Slate, the minor child of Gladys D. Slate, suggests the same conclusion in submitting the interest of his ward to the protection of the court. It is clear to us that Merrill E. Slate stands in no better position than the other two children of Gladys D. Slate and that none of them was an heir at law of the testator.

The real difference between the parties here is not so much as to the identity of the persons that the testator intended to designate by the word [1] "heirs" in the will, but more as to the respective shares that such persons should receive in the distribution of the estate. Gladys D. Slate contends that she is entitled to one half of the estate and that Barbara Frances Conlong and Della Gladys Hodge, the two daughters of her deceased sister, are entitled to the other half in equal shares. On the other hand, Barbara Frances Conlong and Della Gladys Hodge contend that they are entitled to an equal share with Gladys D. Slate, or, in other words, that the estate should be distributed in three equal shares.

The following two rules of testamentary construction are well established with us: First, the primary rule is to ascertain the testator's intention as disclosed by the language of the will and then to give effect thereto, unless it be contrary to some established rule of law. *Washington Trust Co.* v. *Arnold*, 69 R. I. 121. Second, where the testator uses familiar legal words, it must be presumed, in the absence of a clearly indicated contrary intent in the will, that he used them in their ordinary legal sense. *Starrett* v. *Botsford*, 64 R. I. 1, 6.

It is clear that the testator intended to leave his entire estate, in case neither of his parents survived him, to a class of persons whom he described as "the heirs surviving me". In the absence of language which clearly evidences a con-

trary intention, the word "heirs" has been construed by this court to mean those living persons on whom the local law of descent casts the inheritance immediately upon the ancestor's death. In such a case, the meaning of the word "heirs" is fixed by law and it is presumed that the testator used such word in its ordinary legal sense. *Champagne* v. *Fortin,* 69 R. I. 10, 20; *Skinner* v. *Brunsen,* 69 R. I. 159; *Starrett* v. *Botsford, supra; Goodgeon* v. *Stuart,* 50 R. I. 6, 9. There is no language in the will before us showing that this testator used the word "heirs" in any other sense. Therefore, the words "heirs surviving me" can only refer to and include all the persons living at his death who would then, if he died intestate, be entitled to inherit his estate under our statutes of descent and distribution. *Todd* v. *St. Mary's Church,* 45 R. I. 282, 287.

The descent of testator's estate as to both real and personal property is the same in the circumstances of this cause. G. L. 1938, chap. 567, §§1, 9. If he had died at or about the time that the will was executed, his heirs then living were his father and his mother. But they both predeceased him, so that at the time of testator's death the heirs surviving him were his sister, Gladys D. Slate, and Barbara Frances Conlong and Della Gladys Hodge, children of his deceased sister, Hazel May Jones.

The next question for determination is as to the share of the estate that each of these heirs shall receive. Gladys D. Slate argues that, according to the above-mentioned statute, the estate should be distributed one half to her and the other half equally between the children of her deceased sister. In other words, she takes the position that the distribution should be *per stirpes* and not *per capita.* Barbara Frances Conlong and Della Gladys Hodge, the children of Hazel May Jones, testator's deceased sister, take a contrary view. They argue that while the statute operates to identify the heirs, it does not apply in the matter of the distribution of the estate among them because the intent of the tes-

tator, as disclosed by his will, is that each of the heirs shall receive an equal share of his estate.

The question thus presented has been the subject of many conflicting decisions in other jurisdictions. The division of authorities is marked and irreconcilable, each view being supported by numerous cases. Some courts, which apparently incline towards a distribution *per stirpes,* say that unless the terms of the will plainly direct a contrary distribution, there is a presumption that the testator intended a division of his estate in conformity with the statute of intestate succession. Other courts refuse to adopt any such presumption and, favoring equality, direct the distribution to be *per capita* rather than *per stirpes.* See annotations, 16 A. L. R. 15; 31 A. L. R. 799; 78 A. L. R. 1385. See also 53 H. L. R. 207.

This conflict in the authorities is not due to any difference as to the applicable and controlling rule of construction, which is that the intention of the testator overrides the provisions of the statute in the matter of distribution if such intention is contrary thereto and evidenced by the language of the will; but it is apparently due to the amount of evidence, as disclosed by the will, that will support a testator's contrary intention. With this situation in mind and without attempting to state a rule of general application, we will here confine ourselves to this particular will and determine the distribution of the estate that this testator intended by the language in this will.

In both sentences which constitute clause "First" of the will, the testator leaves the estate to his "heirs". Although there are decisions to the contrary, it is generally held that, in the absence of language in the will indicating a different intention, a devise or bequest to a testator's "heirs", without qualification, designates not only the persons who are to take, but also the manner in which the estate shall be distributed, both being in accordance with the statute of intestate succession. The determining issue here on this point therefore is whether the testator intended a distribution of

his estate different from the one prescribed by such statute.

It may be well to note at the outset that the word "heirs" is not connected with any specifically named or otherwise definitely identified person, either in clause "First" or elsewhere in the will; nor is there any reference anywhere in the will as to the relationship that the intended beneficiaries bore to the testator; nor does the will mention the statute here involved, or that any of his "heirs" shall take by representation. In the disposition that the testator makes in each sentence of clause "First" he apparently evinces the intention that his estate be distributed with equality as to persons and not as to classes. In the first sentence he directs that the estate shall go to his heirs living at the time of the execution of the will "share and share alike"; and in the second sentence he directs that, in the event any such heirs predecease him, the share or shares of those deceased shall be distributed "equally among the heirs" surviving him.

Unless the ordinary meaning of the quoted words, which clearly point to a distribution of equality as to persons, is affected by other language in the will, and there is none, such words and meaning are a material aid in determining the intention of the testator. In order to ascertain the testator's intention, all his language must be taken into consideration and, if plain and not otherwise explained or modified, it must be given its usual meaning. Our duty is to construe *his* will, not to make one for him. In the circumstances of this cause, which is clearly distinguishable in its facts from *Swinburne, Petitioner,* 16 R. I. 208, it seems evident that although the testator identified his beneficiaries merely by the word "heirs", thus requiring the aid of the statute to complete the identification, he nevertheless intended that all such persons should be treated with equality in the distribution of his estate. See *Perry* v. *Brown,* 34 R. I. 203, 228.

This view is strengthened by the word "among" in the phrase "shall be distributed equally *among* the heirs surviving me" in the second sentence of the clause under consideration. (italics ours) The use of that word while not

controlling, is nevertheless, in its context, some evidence that this testator did not intend to distribute his estate *between* two groups or classes of heirs, that is, between those heirs who, according to the statute, would inherit directly, as in the case of Gladys D. Slate, and those who would inherit indirectly by representation, as in the case of Barbara Frances Conlong and Della Gladys Hodge. In *Branch* v. *DeWolf,* 38 R. I. 395, at page 405, this court says: "The fact that the testator has used only the word 'between' indicates that the division in any event was intended to be into halves, for 'between' properly refers to two and not more: 'among' is the correct preposition to use for a larger number." In *Holder, Petitioner,* 21 R. I. 48, at page 49, it is stated that the use of the word "among" clearly indicates that the testator intended equality in the distribution of the estate. We have not referred to authorities from other jurisdictions on the different points involved in this cause because such authorities may be found in the various subdivisions of the annotations in A. L. R. hereinbefore cited by us.

After a careful study of the present will, we are of the opinion that the identity of the "heirs" is fixed by the statute of intestate succession and that the share that each such heir shall receive is fixed by the testator in his will. It is plain to us that in the particular circumstances of this cause the testator intended that each heir should receive an equal portion of his estate; in other words, that the estate should be distributed *per capita* and not *per stirpes*. Our conclusion therefore is that the estate should be distributed in equal shares to the testator's heirs, namely, Gladys D. Slate, Barbara Frances Conlong and Della Gladys Hodge, each receiving one-third of the estate.

On October 1, 1945, the parties may present to this court a form of decree, in accordance with this opinion, to be entered in the superior court.

*Frank F. Mason,* for complainant.

*Everard Appleton,* for Gladys D. Slate, Claire Slate and Albion Slate.

*Sisson, Fletcher, Worrell & Hodge,* for Barbara Frances Conlong and Della Gladys Hodge.

*Sayles Gorham,* Guardian *Ad Litem* of Merrill E. Slate.