ADA L. SAWYER *et al., Trustees, vs.* GORDON POTEAT, *Adm'r, et al.*

JULY 27, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J.   This is a bill in equity for instructions relative to the distribution of trust property and the construction of a will.   When the cause was ready for final decree it was certified to this court, under general laws 1956, §9-24-28, for our determination.   The complainants are trustees under a deed of trust executed in 1947.   The respondents are persons and legal representatives of persons who claim an interest in the trust property.

Isaac Hale died testate in 1890.   By virtue of the residuary provisions of his will a life estate was given to his youngest daughter, Ednah B. Hale, with a remainder to a specified class of his grandchildren.   The life tenant Ednah deceased in 1958 at the age of ninety-eight.   In 1947 Ednah had created a trust of the property in which she had a life interest under her father's will.   The deed of trust executed by Ednah provided that upon her death the trust corpus would be distributed in accordance with the residuary provisions of the will of Isaac Hale.

The will of Isaac Hale, after giving the above-mentioned life estate, provides in part as follows:

"The remainder of my estate, after the determination of my daughter's (said Ednah B. Hale's) estate therein, whether partly by her marriage or wholly by her decease, I give devise and bequeath to my grandchildren as follows, to be and remain unto them their heirs and assigns forever:—

"One third (1/3) thereof to the female children of my daughter, Maria Hale Gordon, wife of Rev. A. J. Gordon, of Boston, Mass; one third (1/3) thereof to the female children of my son, Wendell P. Hale, of Providence, Rhode Island; and one third (1/3) thereof to the children, irrespectively of sex, of my son Jesse D. Hale, of Denver, Colorado—But, in case my said daughter, Ednah Baker Hale, shall marry and have issue, then my will is that her children, irrespectively of sex, shall share in my estate and that they shall have one fourth (1/4) thereof, and each of the other sets of grandchildren one fourth (1/4) instead of one third (1/3) as above specified—If there shall be no female children of my daughter Maria Hale Gordon, and of my son Wendell P. Hale, living at the time of the determination of my daughter's (said Ednah Baker Hale's) estate, then I direct that the male children of my said daughter and son shall be entitled to their (the female children's) share—It is not my intention to discriminate in my affections for my grandchildren; I love them all equally; those that I have not mentioned herein,—the children of my eldest daughter, Alice Hill,—I consider amply provided for otherwise—"

When Isaac Hale died in 1890 he was survived by eight grandchildren who came within the class specified in the will. Of these surviving grandchildren four were daughters of Maria Hale Gordon, two were daughters of Wendell P. Hale, and two were the children of Jesse D. Hale. Ednah B. Hale never married. At her death in 1958 there were then surviving four grandchildren within the class, includ-

ing two daughters of Maria Hale Gordon, one daughter of Wendell P. Hale, and one child of Jesse D. Hale.

The trustees request instructions as to which of the respondents are entitled to share in the remainder to the grandchildren. The respondents include those members of the class who are now living and the legal representatives of those grandchildren who, now deceased, survived the testator Isaac Hale. The legal question presented is whether the remainder vested at the time the will took effect or was contingent upon survival to the time of determination of the preceding estate.

Those respondents who urge that the class of grandchildren entitled to share be limited to the survivors of the life tenant contend that the dominant intent revealed by the will was to benefit only those members of the specified class who would be living at the termination of the preceding life estate. They argue that the testator's intention is clear and therefore it is unnecessary to resort to the rules of construction. These respondents also contend that if the rules of construction are resorted to, then those rules require that the remainder be held to have been contingent upon survival of the remaindermen to the determination of the preceding estate.

The respondents who contend that the remainder vested at the death of the testator deny that any clear intent is manifested by the language of the residuary provisions of the will. They point out that the language employed is familiar technical language often construed by the courts and that the interpretation of such language can be made only by resort to the rules of construction. It is argued that under the rules of construction the remainder in the instant case was a vested remainder in grandchildren at the time of the testator's death subject to divestment upon the happening of certain conditions which in fact did not occur.

The gift under consideration herein is a life estate with a remainder to a class subject to open and conditional upon

the survival of certain members of the class. It should be noted at the outset that the conditions contained in the bequest did not occur. The life tenant Ednah B. Hale never married, and both Maria Hale Gordon and Wendell P. Hale had female children living at the time of the termination of Ednah's life estate. The problem before us is whether the language which creates the remainder and the language which conditions that remainder upon the survival of the life tenant by certain members of the class disclosed an intention on the part of the testator to postpone the vesting of the remainder until the termination of the life estate.

The first principle of testamentary construction is that the court will attempt to ascertain the intention of the testator and give effect thereto. *Moore* v. *Dimond,* 5 R. I. 121; *Billings* v. *Gladding,* 58 R. I. 218; *Rhode Island Hospital Trust Co.* v. *Sanders,* 84 R. I. 347. If the testator's dominant intent is clear from an examination of the whole will, then it is unnecessary to invoke the rules of construction. *Industrial Trust Co.* v. *Wilson,* 61 R. I. 169. If the rules of construction are resorted to because the testamentary language is ambiguous, the application of those rules is still directed to the determination of intent. *Washington Trust Co.* v. *Arnold,* 69 R. I. 121; *Rhode Island Hospital Trust Co.* v. *Thomas,* 73 R. I. 277. Where a will employs familiar legal language it is presumed in the absence of a clearly indicated contrary intent that the testator used that language in its ordinary legal sense. *Starrett* v. *Botsford,* 64 R. I. 1; *Dodge* v. *Slate,* 71 R. I. 191.

It is argued that the intent of the testator to postpone vesting is clearly manifested in the previously-quoted language. The portions of the quoted provisions which are relied upon are referred to in argument as follows. The phrase "after the determination of my daughter's (said Ednah B. Hale's) estate" reflects an intent that the gift should not vest until the completion of the life estate. It is further contended that the specification of a particular group

of grandchildren indicates a desire to benefit only those individuals within the limited class. Emphasis is also placed upon the phrasing of the condition of survival with respect to the female children of Maria Hale Gordon and Wendell P. Hale.

In our judgment the testamentary language before us does not unequivocally disclose a definite testamentary intent. The phrases in the will which are relied upon are all technical legal terms which have acquired their meaning from the judicial application of the rules of construction. Without resort to rules of law, the language employed could reasonably support either of two conflicting results. Therefore, it is our opinion that the interpretation of such language can be made only by applying thereto the rules of construction. *In re Petition of Norris,* 46 R. I. 57; *Washington Trust Co.* v. *Arnold, supra; Starrett* v. *Botsford, supra.*

It is well settled that the law favors the immediate vesting of remainders unless there is a clearly indicated intention to the contrary. *Staples* v. *D'Wolf,* 8 R. I. 74; *In re Petition of Norris, supra; Starrett* v. *Botsford, supra.* This preference for construing remainders as vested is particularly strong where the remaindermen are in being at the death of the testator or where the remainder is a gift of the residue of the estate. *Rhode Island Hospital Trust Co.* v. *Johnston,* 81 R. I. 115. It has been stated that the test is whether the element of futurity is incorporated into the substance of the gift or concerns the time of enjoyment only. *Staples* v. *D'Wolf, supra,* at page 118.

In our judgment the remainder to grandchildren in the will of Isaac Hale was a vested remainder subject to divestment. Every remainder necessarily contains an element of postponement, and in our view the postponement in the gift before us pertains to enjoyment only and not to the time of vesting. Since the divesting condition did not occur, it is our conclusion that the estates of deceased grandchildren

who survived the testator but predeceased the life tenant are entitled to share in the distribution of the trust corpus.

The existence in the will of the language "after the determination of my daughter's (said Ednah B. Hale's) estate" does not render the remainder contingent. Such language is merely descriptive of the remainder and specifies the time of payment. In *Moore* v. *Dimond, supra,* there was a devise to the testator's daughter "during the term of her natural life, and after her decease, to her children * * *." In that case, at page 128, the court stated: "There is nothing in the terms of the devise to indicate any intention of the testator that the remainder should go to those only of the children who might survive her." See also *In re Petition of Norris, supra.* In the instant cause the language describing the gift discloses no intention to incorporate futurity into the substance thereof.

The respondents who argue that the remainder was contingent have placed considerable stress upon the existence of the condition that the female children of Maria Hale Gordon and Wendell P. Hale survive to the determination of the life estate of Ednah B. Hale. In effect, the contention is that this condition of survival is a condition precedent to the vesting of the remainder. On the other hand the respondents who favor the vesting of the gift at the death of Isaac Hale contend that this condition of survival is a divesting condition only, which does not attach the contingency to the substance of the gift.

The existence of a condition upon the enjoyment of a remainder does not make the remainder contingent, since it is well recognized that a remainder may be vested subject to a divesting condition. This principle was discussed in *In re Petition of Norris, supra,* in which this court disapproved the case of *Ross* v. *Nettleton,* 24 R. I. 124. In such a case the enjoyment of the remainder will be unaffected unless the condition occurs. It is our opinion that the condition of survival contained in the will presently under

consideration is a divesting condition and not a condition precedent.

Where an interest is given in terms which indicate an immediate vesting and, following the description of the gift, words are added making the gift conditional, it is held that the gift is vested subject to a divesting condition. *Tetlow* v. *Capron*, 49 R. I. 162. Such a distinction between a condition precedent and a divesting condition based upon the form of the language employed is well recognized. *Old Colony Trust Co.* v. *Brown*, 287 Mass. 177; *Trowbridge* v. *Townsend*, 112 Conn. 104; *Sturgis* v. *Sturgis*, 242 Mich. 52. See also 5 American Law of Property §21.23, p. 162; Simes and Smith, The Law of Future Interests (2d ed.), §147, p. 153; 3 Restatement, Property §254.

A condition of survival which is incorporated into the description of the remaindermen has been held to indicate an intent to make the remainder contingent. An illustration of such a remainder is found in *Brown* v. *Williams*, 5 R. I. 309. In that case there was a devise "to the issue of deceased children as shall be living at the time of my said daughter, Mary Dockray's decease * * *." The court, recognizing the policy favoring vested remainders, held nevertheless that the above-quoted language disclosed an intent to condition the vesting of the remainder upon survival of the life tenant. The form of the condition in *Brown* v. *Williams, supra,* is substantially different from that under consideration in the instant cause.

The will of Isaac Hale provides for a remainder in unqualified terms which, without more, would clearly operate to vest the remainder immediately upon the death of the testator. There then follows a condition that certain female children survive the life tenant. Under the principles and authorities considered above, we are of the opinion that the conclusion is inescapable that the condition of survival is intended to divest a previously vested gift. Thus the remainder to the specified class of grandchildren vested at

the death of Isaac Hale subject to conditions of survival which did not occur and subject also to the opening of the class to take in after-born members. See *Greene* v. *Rathbun*, 32 R. I. 145. We are of the further opinion that the legal representatives of those members of the stated class of grandchildren who survived the testator Isaac Hale, but predeceased the life tenant Ednah B. Hale, are entitled to share in the distribution of the trust corpus.

The question certified is answered as follows: The complainant trustees should distribute the corpus of the trust according to the plan of distribution set forth in the first paragraph of allegation numbered 11 of the bill of complaint.

The cause is remanded to the superior court for entry of a decree in accordance therewith.

CONDON, C. J., dissenting. I am constrained to dissent because I am of the opinion that the testator's intention is clear from the language which he has used to express it. There is, therefore, no need to resort to the canons of construction since where the language of a will is plain the will interprets itself. *Industrial Trust Co.* v. *Wilson*, 61 R. I. 169.

The testator's intent is evident from the following sentence of the residuary clause: "If there shall be no female children of my daughter Maria Hale Gordon, and of my son Wendell P. Hale, living at the time of the determination of my daughter's (said Ednah Baker Hale's) estate, then I direct that the male children of my said daughter and son shall be entitled to their (the female children's) share."

The inescapable effect of such provision is to postpone vesting of the remainder until the termination of the preceding particular estate in Ednah. The remainder here is to a class, namely, the testator's female grandchildren if then living and in the alternative to his male grandchildren. In the event that there are no female children living at

that time the testator makes it clear that he desires his male grandchildren to take the female children's share. Nowhere in the residuary clause does he use any language indicating an intention to include in his bounty the children of any deceased female grandchildren.

In my opinion a construction of the testator's language which at his decease creates a vested remainder in his female grandchildren is utterly inconsistent with his express language creating an alternative remainder in his male grandchildren. In the event that there were no female children but there were male children of Maria and Wendell living at the termination of Ednah's estate the majority's construction would defeat the alternative remainder. Such a result would be clearly contrary to the express intent of the testator in so far as the one-third interests to the children of Maria and Wendell are concerned.

As to the one-third interest to the children of Jesse D. Hale there is no difficulty, since the testator made an unconditional disposition to such children irrespective of sex. The remainder to those living at his decease became vested at that time subject to open and let in after-born children in accordance with the precedents in such cases in this state. And should any child decease before the remainder came into enjoyment at the termination of Ednah's estate its share would go to its heirs. There were no after-born children and Philip J. Hale died before Ednah's estate terminated.

For the reasons above stated, the one-third interest bequeathed to the children of Maria should be distributed to Theodora G. Hall and Helen G. Harrell, the one-third interest of the children of Wendell should be distributed to Elizabeth G. Hale, and the one-third interest of the children of Jesse to Alice Hale and the estate of Philip J. Hale, deceased.

FROST, J., dissenting. I am unable to concur in the opinion of the majority. In my opinion the intent of the tes-

tator Isaac Hale as expressed in his will dated December 29, 1887 is clear. It was his intention that the residue of his estate should be enjoyed by his daughter Ednah Baker Hale during her natural life or until her marriage; and that upon her death, she not having married, the residue should pass to certain grandchildren living at that time. Since the intent of the testator is clear, no construction of his will is required.

I am of the opinion that a decree should be entered distributing one third of the estate now held by the trustees to Helen Gordon Harrell and Theodora Gordon Hall, daughters of the late Maria Hale Gordon; one third to Elizabeth G. Hale, daughter of the late Wendell P. Hale; and one third to Alice Hale and the estate of Philip J. Hale, deceased, both Alice and Philip being children of the late Jesse D. Hale.

*Gardner, Sawyer, Cottam & Gates, Robert B. Gates, James M. Sloan, III,* for trustees.

*Hibbard Richter,* Boston, Mass., trustee and complainant, pro se.

*Tillinghast, Collins & Tanner, William M. Sloan,* for respondents Paul G. Richter and Hibbard Richter, Ex'rs, Thomas J. Hubbard, Ex'r, and Alice Hale.

*Newton, Brodsky & Kiernan, Archibald B. Kenyon, Jr.,* for respondent Elizabeth G. Hale.

*Haig Barsamian, Swan Messerlian,* for respondent Theodora Gordon Hall.

*Swan Messerlian,* for respondent Helen G. Harrell.