RHODE ISLAND HOSPITAL TRUST COMPANY, *Tr. et al. vs.*
ALMA STOCKARD THOMAS *et al.*

AUGUST 1, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This is a bill in equity for the construction of a will and, being ready for hearing for final decree in the superior court, it was certified to this court for determination under general laws 1938, chapter 545, §7. The complainants are the trustees under the will of James M. Stockard, late of the city of Providence, state of Rhode Island, deceased. The respondents are Alma Stockard Thomas, Caroline Stockard Wilbur, Vera Stockard Arnold and Julia Marion Brereton, the surviving children of the testator; and Aura G. Stockard, widow, and Mildred Elizabeth Stockard (now Mildred S. Seeley) child by a former marriage of Claude H. Stockard, deceased son of the testator. Unless otherwise specified, however, Claude H. Stockard's widow and child will be referred to as the respondents.

The allegations of fact in the bill of complaint are not contradicted. The will was executed by the testator on March 25, 1921 and he died on July 15, 1933. After providing for the payment of debts and for certain legacies of personal effects and money to his children and the issue of any deceased child or children, and other gifts to individuals in his employ, the testator disposed of the residue of his estate in the ninth clause, as follows:

"Ninth: I give, devise and bequeath to Claude H. Stockard, Raymond E. Waldron and Peirce H. Brereton, all of the City of Providence, in the State of Rhode Island, hereinafter referred to as Trustees, all of the rest, residue and remainder of my property, real, personal and mixed, of whatsoever kind and wherever located, expressly herein including all such property of every kind which I may hereafter acquire and all property of which I shall die seized or possessed or to which I may be in any way entitled or over which I may have any power of appointment or other power whatsoever, To Have And To Hold to said Trustees, their heirs, executors, administrators, assigns and successors in trust, and the survivors of them, as joint tenants, In Special Trust, However, upon the following terms and conditions of and concerning the same: . . .

"(g) I direct my Trustees, for a period of twenty

(20) years from and after my death, to pay over quarterly or at such other periods as may be consistent with the prudent management and investment of said trust estate the entire net income of said trust estate in equal shares to my five children, Alma Stockard Thomas, Claude H. Stockard, Caroline Stockard Wilbur, Vera Stockard Arnold and Julia Marion Brereton.

"(h)  In case any child of mine shall die before the termination of this trust estate and shall leave issue surviving, then I direct my Trustees to pay over, until the termination of this trust, the share of said net income of every such deceased child to the surviving issue of such deceased child, such issue taking by representation the share to which the parent would be entitled if living.

"(i)  Upon the termination of said period of twenty (20) years from and after my decease, I direct my Trustees to pay over the principal of said trust estate and any accumulated income thereon, freed and discharged of all trusts, in equal shares to my said children and the issue of any deceased child or children, such issue of any deceased child or children taking by representation per stirpes and no (sic) per capita.

"(j)  In each and every reference, gift, devise or bequest in this will contained, whether direct or contingent, under which the issue of Claude H. Stockard would take, I hereby declare that the issue of Claude H. Stockard shall be taken to mean all of his issue excepting Mildred Elizabeth Stockard and her issue with the effect that said Mildred Elizabeth Stockard shall be excluded from any such reference, devise, gift or bequest whatsoever, and, in each and every instance in which, but for this provision, any part of or interest in my estate would become vested in said Mildred Elizabeth Stockard, I give, devise and bequeath such part or interest to the issue of said Claude H. Stockard other than Mildred Elizabeth Stockard and her issue."

Paragraphs (a) to (f) of the ninth clause, omitted as above indicated, deal with extensive powers and duties of the trustees that are not involved here. All of the five children mentioned in the ninth clause survived the testator; all of them had issue of their own living at the time of his

death; and all of such children and issue are now living, excepting Claude H. Stockard, hereinafter sometimes referred to as Claude, who died intestate on March 12, 1945, leaving a widow, Aura G. Stockard, and no issue other than Mildred Stockard Seeley, child of a former marriage. Unless otherwise indicated, Mildred Stockard Seeley will hereinafter be referred to as Mildred.

The will was duly probated in the city of Providence, administration thereof has been completed; and the residuary estate under the will is in the possession of the trustees. Being in doubt as to certain payments in connection with the ninth clause thereof they pray for instructions: (1) as to their duty in the disposition of the income of the trust estate from and after the death of Claude H. Stockard on March 12, 1945 to the time of the termination of the trust in 1953; and (2) as to their duty with respect to the disposition of the principal of the trust estate upon the termination of the trust.

It is contended substantially on behalf of the surviving children of the testator that clause ninth disposed of the residue, both income and principal, as a gift to the testator's children as a class; that in the event of the death of any of testator's children before the trust terminated, the issue of such child would take the parent's share of the income, *per stirpes* and not *per capita;* but that Mildred Stockard Seeley was excluded by clause ninth (j) from taking the share of income bequeathed to her father Claude H. Stockard and her share should be paid to the surviving children of the class. They also contend that the principal of the trust should be paid over in equal shares to the children of the testator who shall be living at the time of the termination of the trust and to the issue of any deceased child *per stirpes,* always excepting Mildred.

On the other hand, it is argued on behalf of the surviving widow and child of Claude substantially that the residuary gift was made to the testator's children individually and not as a class; that Claude received, upon the death of the tes-

tator, either an absolute vested interest in one fifth of both the net income and the principal of the trust estate, or, as is chiefly relied upon, a vested interest subject, however, to the one condition subsequent, namely, of being divested *only* if he died leaving issue other than Mildred capable of taking his share under the terms of the will; and that as Claude had deceased without issue other than Mildred, who was excluded, his interest was never divested and should be paid over to his estate.

Claude's widow seems also to argue that even if the testator intended to restrict the residuary gift to a class that did not include Mildred, Claude's only surviving issue, and even if Claude's interest was later divested upon his death, his share should be considered as intestate property to be taken by his widow and his child Mildred under the laws of descent and distribution and not under the will, because the testator in paragraph (j) had failed to provide for a gift over if Claude had no other issue within the meaning of that term as used in the will.

This court has stated many times in effect that each will must be considered in the light of its particular language and the circumstances surrounding its making. The only rule of universal and uniform application in the construction of wills is the fundamental rule that the testator's intent, as expressed in the will, is to be ascertained and, if not contrary to law, is to be given effect so far as possible. *Bliven* v. *Borden,* 56 R. I. 283; *Rhode Island Hospital Trust Co.* v. *Beckford,* 67 R. I. 492. Where the testator's intent is doubtful or obscure other rules of construction have been recognized; but they are not to be confused with or applied as rules of positive law. Rules of construction are applied in order to ascertain and effectuate the intent of the testator and not to defeat it. *In re Norris,* 46 R. I. 57, 61.

Reading the will as a whole in the light of circumstances surrounding the testator, and applying approved rules of construction not as positive rules of law but in aid of ascertaining, testing and effectuating the testator's in-

tent, we are of the opinion that the gifts of income and principal, as provided in the residuary clause ninth, were intended and were made to the testator's family of five children and the issue of any deceased child or children as members of a class and not absolutely to them as individuals.

The gift of income is provided in paragraphs (g) and (h) of clause ninth. The first designation of the beneficaries therein is to the testator's "five children". True, he then named them, but in our opinion this was merely to identify them as the primary members of the class he was constituting and as known to him at the time he was making his will. Elsewhere in that clause he did not use their names, but referred to them as "said children". In making the gift of principal in paragraph (i), he directed payment thereof "in equal shares to my said children and the issue of any deceased child or children, such issue of any deceased child or children taking by representation per stirpes and no (sic) per capita."

It can be argued that where the language is consistent with a gift either to a class or to individuals, courts seem to favor a gift to individuals. *Chase* v. *Peckham,* 17 R. I. 385. But the final determination whether a gift is to them as members of a class or to them as individuals must depend upon the testator's intent as gathered from the will as a whole in the light of circumstances known to him at the time of its execution. *Rhode Island Hospital Trust Co.* v. *Proprietors of Swan Point Cemetery,* 62 R. I. 83, and cases cited; *Dunham* v. *Randall,* 51 R. I. 55. See Annotation, 75 A. L. R. 773.

The respondents also argue that it was unnecessary to repeat the names of the beneficiaries in order to support gifts to the individuals, and that the reference to the testator's "said children", without naming them, in his gift of the principal and elsewhere, was unnecessary to support such individual gifts. But the fact is that the words "said children" were used several times without naming them; and, more important, the language actually used in its entirety

and in connection with the plan of the will as a whole is consistent with a description of beneficiaries as members of a class. Essentially similar descriptions of beneficiaries have been given that effect. See *Hazard* v. *Stevens,* 36 R. I. 90; *Rhode Island Hospital Trust Co.* v. *Calef,* 43 R. I. 518.

In our opinion the present designations of the beneficiaries in the gifts of both income and principal, namely, to the testator's children and to the surviving issue of any deceased child or children, meet the definition or test that is frequently applied in determining whether beneficiaries are sufficiently described as members of a class. See 1 Jarman on Wills (6th ed.) 262, as approved in *Hazard* v. *Stevens, supra,* at page 98; *Rhode Island Hospital Trust Co.* v. *Proprietors of Swan Point Cemetery, supra,* at page 94.

Confirmation of such intent is gained from other features that appear from the will and surrounding circumstances. It is clear that the testator intended to confine the disposition of the residue to his own family of children and their issue. They constituted a natural group bound together by blood and the same common bond. No strangers are included as beneficiaries, directly or indirectly, under the residuary clause. Not even the husband or wife of any of his children is mentioned, although the testator knew they were all married and in the second clause he had identified the daughters by their names and those of their respective husbands.

It is further noted that the legacies to his children in the second clause were made to them "provided that, if any of said children shall not survive me, but shall leave issue surviving me, then I direct that the share of every such deceased child shall be given in equal shares to such issue, taking by representation the share to which the parent would be entitled if living." This underlying thought is carried out by a substantially similar provision in reference to the gifts of income and principal in the residuary clause. Moreover, no gift over was provided anywhere in the will to any but his own children and their issue. Such manifestations

throughout the will point strongly to the testator's intent to keep his estate within the members of the natural class that he had described, at least during the limited period of the trust.

Consistent with such purpose, it is also clear that the testator did not intend to have any portion of his estate disposed of as intestate property, which would result from one of the alternative contentions of respondents. Certainly such a result was not intended within the period of the trust. He disposed of the "entire" income and principal.

A construction that would lead to total or partial intestacy should be avoided unless it is required by language clearly appearing in the will or by positive rules of law. There is a general presumption against a testator's intending partial intestacy and that is greatly strengthened when we are dealing, as here, with the residuary clause. *Dunham* v. *Randall,* 51 R. I. 55. As stated in *Pell* v. *Mercer,* 14 R. I. 412, at page 427: "It is reasonable to suppose that a man who makes his will does not intend to die intestate as to any part of his property, and hence courts are reluctant to construe a will so as to allow a partial intestacy if they can avoid it. . . . This reluctance becomes stronger when, as here, the bequest which gives rise to the claim of partial intestacy is residuary, or is in the nature of a residuary bequest." To the same effect are *Dunham* v. *Randall, supra; Edwards* v. *Martin,* 54 R. I. 64, 67; *Hogan* v. *Taylor,* 64 R. I. 471.

In our opinion a construction that would lead to partial intestacy in the instant cause, that is, with reference to Claude's share, would not be a reasonable conclusion where the testator so evidently intended to dispose of all his property to his own children and their issue to the exclusion of collateral heirs; and especially so where there is another reasonable construction, namely, gifts to the members of a class, that is consistent with the testator's disclosed intent and plan. But it seems to be argued by respondents in the alternative that no intestacy would result if the will is construed to vest the gifts of income and principal *absolutely* in the

testator's individual children, or if Claude's share is construed to vest subject to being divested *only* if he died leaving issue other than Mildred capable of taking under the will, as his share would not have divested because he left no such issue. Such constructions, however, would change specific language, and nullify, in substance and effect, the testator's intent as disclosed in the will as a whole. Courts are disposed to give effect to a testator's entire intent, if reasonably possible and not contrary to established principles of law.

Respondents also suggest that our construction would not necessarily avoid intestacy because all five of the testator's children and all their issue might possibly die within the period of the trust, which was limited to twenty years. This highly speculative contingency, while humanly possible, is nevertheless practically so remote and so improbable as to lack persuasiveness or influence in ascertaining and effectuating the testator's intent. Certainly in the known circumstances of the number of the testator's children and their issue such a remote possibility would not warrant our adoption of a suggested construction that would defeat his other expressly disclosed intent. We find nothing in the record to indicate that in the testator's mind such a remote contingency was ever likely to happen; nor has anything like it happened to date.

Some further light upon the testator's intent is gathered from a consideration of clause ninth (j). It will be noted that the testator was unusually comprehensive and specific as to his intent to exclude Mildred from benefiting in any part of, or interest in, the estate that he was giving to his son Claude. If a construction is adopted that would vest the gifts absolutely in the individual children on the death of the testator, then the clear expression of intent to exclude Mildred from receiving the benefits of her father's share would be indirectly nullified and would also permit a stranger to receive indirectly that which he clearly did not intend. On the other hand a construction that the gifts

were made to members of a class does not cause such a nullification or result.

It will also be noted that paragraph (j) makes provision for a gift over of Mildred's share in the event that Claude died leaving other surviving issue, but makes no provision for a gift over of her share in the event of Claude's death leaving no other surviving issue. Similarly, there is no such provision for a gift over in the event of the death of any of the testator's other children without leaving issue. The absence of such provisions in the case of *all* the testator's children is significant and conforms, in our judgment, to a consistent plan to make the gifts to them as members of a class, in which event there would be the attribute of survivorship and, in the circumstances, no necessity for any specific provision for such gifts over.

The will clearly gives evidence of being drawn by a lawyer. It is fair to presume that he knew the testator's intent and, in drafting the will, gave expression and legal effect thereto. Clearly the draftsman knew how to provide for a gift over, when it was actually intended by the testator, because he already had provided for such gifts over in the event that any of the testator's five children died leaving issue before the termination of the trust, and also in dealing with the share that otherwise might have gone to Mildred.

In such circumstances we think that the absence from the residuary clause of any provision for an ultimate gift over in the event of the death of any of his children without leaving surviving issue is more reasonably explained as being intentional rather than inadvertent. If the draftsman knew that the testator intended to make gifts to members of a class and such intent had been adequately expressed in clause ninth, there would be no reason to require an additional provision for a gift over on the death of any child without leaving surviving issue, because the share of such deceased child would then go to the surviving members of the class. The will in this respect was not so entangled

with other provisions as to cause a lawyer inadvertently to forget the testator's principal intent, or to fail to see the obvious legal effect that would follow the omission of such a provision, if it had been required to express the testator's intent.

In the circumstances admittedly known to the testator at the time of making his will, and giving established rules of construction reasonable application in ascertaining, testing and effectuating the testator's intent as found in the will as a whole, we are of the opinion that the gifts of both income and principal in the residuary clause ninth were intended and should be treated as gifts to the testator's five children and the surviving issue of any deceased child or children as a class.

We have examined the many cases cited and relied upon by the widow and child of Claude in this connection. In our opinion the circumstances and language used in those cases are helpful but not necessarily controlling because materially different facts are found to exist in the will before us. Nor do any of those cases provide the additional help in ascertaining the testator's intent that we find here from the evidences of a consistent general plan and from specific expression of the testator's intent in certain respects.

The next contention of the parties deals with whether such gifts were vested or contingent. Where a testator's intent may be doubtful, courts are generally disposed to favor the vesting of an estate or interest as against a construction that would hold it to be contingent. *In re Norris, supra; Barstow* v. *Young,* 68 R. I. 467; *Stone* v. *Bucklin,* 69 R. I. 274. But if the testator clearly discloses his intent to make a gift subject to a contingency, such intent, if not contrary to established principles of law, should be given effect.

In our opinion the language of the will here does not clearly attach futurity to the substance of the gifts so as to have them take effect only upon the happening of a

condition precedent. We note that the testator elsewhere in the will looks to the time of his own death as the date when certain of his other dispositions were to take effect. Taking such dispositions into consideration with the other pertinent circumstances, and following the rule recognized in most cases, we think that the gifts here were intended and should be considered as having vested upon the testator's death in the members of the class, subject, however, to the condition subsequent of being divested in a proper case upon the death, before the termination of the trust, of any of the testator's children leaving surviving issue.

The argument is made by respondents that by substituting the language as found in the exclusion clause ninth (j) for the word "issue" in clause ninth (h) and (i) the gift to Claude should then be read as vested subject to the one condition subsequent, namely, to being divested on his death leaving surviving issue other than Mildred capable of taking under the will. From this the respondents conclude that Claude's interest never was divested because he left no issue capable of taking under the will, as Mildred was excluded.

This is a plausible argument, but in our opinion it does great violence to the plain intent of the testator as expressed in the will. We do not believe he intended that the words of the exclusion clause (j) were to be substituted for "issue" in prior paragraphs for the purpose of determining the subsequent contingency upon which the estate given to the children was intended to divest. The exclusion clause deals with an existing fact and was intended to exclude Mildred from all the benefits whatsoever in the estate that went to Claude under the will and that would otherwise go to her as his issue. The exclusion clause was not intended to alter the meaning of "issue" as used in paragraphs (h) and (i). If the respondents' construction were adopted it would change not only the language but also the intent of the testator as expressed in those paragraphs.

Nor are we persuaded that the failure to exclude expressly the estate of Claude makes the construction advocated by his widow and child more convincing. There would be no reason to exclude the estate of Claude, or that of any other child, if the gifts were intended by the testator for his children and the surviving issue of any deceased child or children as members of a class. The respondents' construction would also permit Claude's share to go to his widow and child, whereas the will nowhere discloses an intent that the wife or husband of any child should benefit, and specifically excludes Mildred from receiving any benefits whatsoever in any share of the testator's estate that he was giving to Claude under the will. In our opinion the testator's intent and plan to keep his property, at least for the limited period of the trust, within the class of his own children and their issue, always excluding Mildred, would be essentially disregarded by a construction that permits the benefits of Claude's share to be received indirectly by his widow and child.

Our conclusion therefore is that the gifts of income and principal in the residuary clause ninth of the will are payable by the trustees to the surviving members of the class, created by the testator, as they may be determined at the time when the income or principal, as the case may be, is payable under the terms of the will.

The parties may present to this court a form of decree, in accordance with this opinion, to be entered in the superior court.

Moss, J., did not participate in the decision.

Condon, J., dissenting. I disagree with the opinion of the majority that the testator intended to make a class gift of the residue of his estate. After carefully considering the ninth clause which disposes of that residue and applying to it certain well-established rules for the construction of wills, I am clearly of the opinion that its language discloses an intention of the testator to give the residue to his children as individuals and not as a class; and that such gift vested

at his death, subject to be divested only if, before the termination of. the trust, a child should die leaving issue in whom such child's share could vest. And I am also of the opinion that paragraph (j) discloses a particular intention to exclude Mildred at all events from ever becoming a purchaser under the will, but beyond such exclusion it clearly fails to go.

Under this construction, Claude having survived the testator, his share vested and did not divest at his death, because, by virtue of paragraph (j), he left no issue in whom his share could vest. There being no gift over in the event of a child dying without issue, his share, therefore, passed to his personal representatives.

The fact that under such a construction Claude's share does not divest but passes to his personal representatives thus enabling Mildred to benefit indirectly in the testator's estate ought not to mislead us into inferring, without any support in the will therefor, that the testator could not have intended such a result. We cannot supply an omission in the testator's will in that manner. His intention is to be sought in what he has written and nothing is to be inferred except by necessary implication. *Matteson* v. *Brown*, 33 R. I. 339. We have held that necessary implication means "so strong a probability of intention, that an intention contrary to that which is imputed to the testator, cannot be supposed." *Bliven* v. *Borden*, 56 R. I. 283. Of course the testator's intention, testamentarily expressed, overrides all rules of construction, *Kenyon, Petitioner*, 17 R. I. 149, but to have that effect it must be found in his express words. *Gardner* v. *Viall*, 36 R. I. 436.

Here the testator has not, by clear and explicit language, made his intention known. If he had, it should prevail regardless of precedents and rules of construction. *Perry* v. *Hunter*, 2 R. I. 80. On the contrary we must search for it and in doing so we must call to our aid certain well-established rules of construction. We must not speculate or con-

jecture about it. And we should not attempt to reconstruct the testator's will on that basis. *Redding* v. *Rhode Island Hospital Trust Co.,* 67 R. I. 41. Our duty is to construe the language of the will in the light of those rules of construction. In performing that duty we must confine ourselves to the language of the will, always remembering that it is what the testator actually did and not what he meant but failed to do which is to be given effect. *Industrial Trust Co.* v. *Wilson,* 61 R. I. 169.

The court's construction, it seems to me, does not observe those canons. It brushes aside certain rules of construction which stand in its way or it merely refers to them in passing. The cardinal rule of construction that the intention of the testator is paramount is relied upon by the court to justify its disregard of other subordinate rules. But such intention does not appear anywhere in the ninth clause or elsewhere in clear and explicit language, and, as was said above, it is only in such circumstances that recourse to the precedents and rules of construction may be dispensed with. On the whole, I have been unable to remove from my mind the conviction that, when closely analyzed, the court's construction is based upon conjecture; upon what the testator must have intended to do in order to bar Mildred from ever receiving any of his property not merely as a purchaser under his will, but also even indirectly, *dehors* the will.

The results of such construction are far reaching. They go beyond barring Mildred. They exclude not only Claude's estate from receiving his share but they exclude the estate of every child who dies, before the termination of the trust, leaving no issue or if having left issue, such issue dies before the termination of the trust. In other words, the testator's gift of his residuary estate instead of vesting at his death in his named children subject to being divested on the death of any child, before the termination of the trust, leaving issue, is contingent upon some member of the class being alive after that event. This is in spite of the fact that paragraph (j) has no application to the issue of any child other

than Mildred, the issue of Claude, and also in spite of the further fact that there is no reference in the ninth clause to any child dying without issue.

The court's opinion justifies these results by saying in effect that the testator must have intended a gift to his children as a class, or he would have otherwise provided in his will for a gift over in the event of any child dying, before the termination of the trust, leaving no issue, just as he did in the case of a child dying leaving issue. That he did not so provide is convincing proof, the court holds, that he intended a class gift and so there was no need of such a provision. I find no authority for that view. Rather the law is that where a gift is made to *A* for life and after his death to his children in equal shares, with a direction that if any child die in the lifetime of *A*, the issue of such child shall take his share, every child who survives the testator takes a vested interest subject to be divested if he dies in the lifetime of *A* leaving issue, but if he dies without issue his share is not divested. *In re Norris,* 46 R. I. 57. In the light of its failure to apply the law as there stated it seems to me that the court's opinion is in this respect somewhat strained, to say the least.

Not only is it strained in that respect but it is in direct conflict with certain well-recognized rules for the construction of wills. First of all, it disregards the rule that where two constructions are reasonable, but one may lead to intestacy and the other does not, the law favors the latter construction. *Tirocchi* v. *Tirocchi,* 67 R. I. 71. It has been said that the law abhors intestacy and that courts manifest such abhorrence especially in the case of a gift of the residue. 28 R. C. L. 228, §189. We have often taken that view. *Stone* v. *Bucklin,* 69 R. I. 274; *Hayden for an Opinion,* 51 R. I. 117; *Aldrich* v. *Aldrich,* 43 R. I. 179; *Staples* v. *D'Wolf,* 8 R. I. 74.

Under the court's construction here there is a possibility of intestacy of the residue; there can be none under my

construction. In order to avoid intestacy under their construction there must be a member of the class alive throughout the life of the trust and at its termination to receive the income and ultimately to take the principal. Should all the children die without issue or should they leave issue who do not survive the termination of the trust, there would be an intestacy.

In thus construing the will, the court has disregarded another rule, namely, that the law favors the vesting of estates, and that, if the intention be doubtful, the legacy will, if possible, be held to be vested, rather than contingent. *Rhode Island Hospital Trust Co.* v. *FitzGerald,* 49 R. I. 319; *Powers* v. *Home for Aged Women,* 58 R. I. 323. In the latter case we said "that an estate or interest under a testamentary instrument will not be held contingent, unless the intent that it be so held is clearly manifest in the instrument."

A gift of the residue will especially be construed to be vested. This rule has heretofore been consistently applied by this court. *Stone* v. *Bucklin, supra; Aldrich* v. *Aldrich, supra; Staples* v. *D'Wolf, supra.* In the *Staples* case it was held that in the case of a gift of residue "a *very clear intent* must be shown to postpone the vesting, because intestacy would often be the consequence of a lapse of such gift and always may be." (italics supplied) In line with that practice, while recognizing the rule, we recently held such a gift to be postponed, but in doing so we found a clear intent to that effect in the will. *Rhode Island Hospital Trust Co.* v. *Beckford,* 67 R. I. 492. There we said: "An intention to defer the vesting of a gift in remainder is not to be inferred in the absence of a *clear* intent on the part of the testator to that effect, for the law favors the vesting of a devise or bequest immediately upon the death of a testator."

I find nothing in the will before us that shows a very clear intent to defer vesting. Even the court says that the gift to the children vested at the testator's death. Later in its opinion, however, it concludes that the gift is contingent

upon a child or issue of a deceased child surviving the termination of the trust. I cannot follow the court's reasoning here. Either the gift is vested or it is contingent; it cannot be both. It seems to me that due regard for the rule that the law favors vesting, and for the precedents where the rule has been applied, leads incontestably to the conclusion that the gift of the residue by the ninth clause of this will is vested and not contingent.

There is a further reason why it should be so construed. The immediate interest, which is the right to receive the income of the trust, is in the same persons in whom is the ultimate interest which is the right to receive the principal at the termination of the trust. In such a case it has been held that the legatees of the income are to have the principal at all events. *Staples* v. *D'Wolf, supra.* In that case this court gave the following reason for the rule: "The immediate interest here is given to the same persons to whom the principal is to go. There is, in this case, no gift over of any share, in the event of any of the children dying without issue. For want of such gift over an intestacy might be produced, an event which the testator could not have intended".

Finally, I am of the opinion that the court has not correctly applied the rule for construing testamentary language as importing a gift to a class or a gift to individuals. Where a gift is to individuals, naming them, and there is nothing in the will to show that the testator had a different intention it is generally held that it is a gift to the named individuals and not a class gift. Where the gift is to individuals who are both named and referred to by a class description without anything more appearing as to the testator's intention, it is also held to be a gift to individuals and that the class description has been added merely by way of identification. *Chase* v. *Peckham,* 17 R. I. 385; *Church* v. *Church,* 15 R. I. 138.

In the instant will, in paragraph (i), the individuals, who are severally named in paragraph (g), are referred to as

"my said children". The court takes this to be an instance of a description of a class. I think it is no more than a reference to the several individuals who were previously specifically indentified by name in paragraph (g). Assuming, however, that we have here an instance where both descriptions occur, is there anything to show that the testator intended his gift to be to his children as a class rather than as individuals? I find nothing. The mere fact that he has not provided a gift over in the event of a child dying without issue before the termination of the trust does not show such an intention. As was stated above, the law in such a case vests the interest in the individual and it passes to his personal representatives. If there were some uncertainty in the number of the persons and of the size of their respective shares, at the execution of the will, that would be, as we said in *Rhode Island Hospital Trust Co.* v. *Proprietors of Swan Point Cemetery,* 62 R. I. 83, some indication of an intention to make a gift to a class rather than to individuals, but there was not. In such circumstances we further said in that case: "the gifts are ordinarily held to be to them individually and not to them as a class, even though in some instances the beneficiaries are referred to as a class as well as by name."

Being of the opinion then that the gift of income under paragraph (g) and the gift of principal under paragraph (i) are gifts to the testator's named children as individuals and not as a class and that such gifts vested as to each child at the testator's death subject to be divested only in the event of the decease of such child leaving issue in whom his gifts could vest, I would advise that it is the duty of the trustees: (1) To pay, during the trust, Claude's share of the trust income to his personal representatives; and (2) to pay, at the termination of the trust, his share of the principal to such representatives.

*Frank F. Mason* for Alma Stockard Thomas, Caroline S. Wilbur, Vera Stockard Arnold, and J. Marion Brereton.

*Edwards & Angell, Walter A. Edwards, John V. Kean, Alexander, Alexander & Chill*, Jackson, Mississippi, for Mildred Stockard Seeley.

*Lester S. Walling, Ambrose W. Carroll*, for Aura G. Stockard.