**BANK OF DELAWARE, a corporation of the State of Delaware, Trustee under the will of Jesse G. Simmons, Plaintiff,**

**v.**

**ESTATE of Marjorie E. KANE, Deceased, et al., Defendants.**

Court of Chancery of Delaware, New Castle.

Nov. 30, 1971.

Daniel L. Twer, of Morris, James, Hitchens & Williams, Wilmington, for plaintiff.

Michael D. Goldman, of Potter, Anderson & Corroon, Wilmington, for defendant Estate of Marjorie E. Kane.

Andrew B. Kirkpatrick, Jr., and Joseph C. Kelly, of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendant Emily S. Nagle.

SHORT, Vice Chancellor:

Bank of · Delaware, formerly Equitable Guarantee and Trust Company, trustee under the will of Jesse G. Simmons, seeks instructions as to the proper distribution of a portion of the income and corpus of the trust.

Jesse G. Simmons (testator) died on August 23, 1907. By his will testator devised and bequeathed the residue of his estate to the petitioner, in trust, to pay the income thereof to his wife until his youngest child reached the age of twenty-one years, thereafter to pay one-half the income to his wife and the other one-half "in equal shares" to his children, and upon the death of his wife "to pay over to my children, share and share alike all of the income arising from this trust." The will then provided:

"Should any of my children die leaving issue then in trust to pay over to such child or children in equal shares, the share of the income to which its parent would have been entitled if living, and in the further trust to pay over and distribute the principal of this trust fund among such issue so soon as they shall respectively reach the age of twenty one years. The child, or children of any deceased child of mine to take its or their parents share in the final distribution."

The testator died survived by his wife, Emily E. Simmons and three daughters, Dorothea E. Harris, Marjorie E. Kane, and Edith P. Seaman. None of these children were married at the time, nor did any of them have children. Fourteen years later, on October 23, 1921, his daughter Edith P. Seaman gave birth to the testator's only grandchild, Emily S. Seaman, now Emily S. Nagle by marriage. The testator's wife died on October 23, 1928. Marjorie E. Kane died testate and without issue on August 3, 1970.

■■■ The trustee, uncertain as to the disposition to be made of the one-third portion of the Simmons' trust from which Marjorie E. Kane was receiving income, submitted questions to this Court. It being my opinion that Jesse G. Simmons died testate as to this portion of the trust, only the first query need be considered.

"(1) Did Jesse G. Simmons die intestate as to the one-third portion of the trust from which Marjorie E. Kane received life income and if not, who is entitled to take?"

The defendants, estate of Marjorie E. Kane, and Emily S. Nagle, have each moved for summary judgment.

The controversy in this case centers around the last paragraph of Item Second which provides as follows:

"Should any of my children die leaving issue then in trust to pay over to such child or children in equal shares, the share of the income to which its parent would have been entitled if living, and in the further trust to pay over and distribute the principal of this trust fund among such issue so soon as they shall respectively reach the age of twenty one years. The child, or children of any deceased child of mine to take its or their parents share in the final distribution."

The defendant, estate of Marjorie E. Kane, interprets this paragraph to mean that the testator made no disposition of the corpus from which a child was receiving a life interest in the event that the child died without leaving issue. On the other hand, the defendant, Emily S. Nagle, contends that the plain language of this paragraph, coupled with the facts and the testamentary scheme as disclosed in the will as a whole, dictate a decree declaring that the

testator did not die intestate as to any portion of his estate.

Generally, a gift to an individual will be presumed where the language of the will is consistent with a gift either to an individual or to a class, Rhode Island Hospital Trust Co. v. Thomas, 73 R.I. 277, 54 A.2d 432. However, the intent of the testator is the controlling factor. duPont v. duPont, Del.Supr., 208 A.2d 509 (1965). In the instant case, the testator sought to provide for all of his children. He did not identify them individually by name; nor did he limit his bequest to those children living at the execution of the will.

A gift to a class is classically defined as a gift of "an aggregate sum to a body of persons, uncertain in number at the time of the gift, to be ascertained at a future time, and who are all to take in equal or some other definite proportions, the share of each being dependent for its amount upon the ultimate number." 4 Page on Wills § 35.1 (1961). Upon applying this test, I can come to no other conclusion than that the testator intended his children to take as a class, and not individually. The determining question then is: What is the disposition of the gift when a member of the class dies without issue?

The creation of the trust established a vested estate in the class of the income for life. The will provided that a portion of this interest could be divested from the class should one of its members die with issue. The document provided no other means for depriving the class of the entire income. Thus, the condition for divestiture not having been met in that Marjorie E. Kane died leaving no issue, the entire income remained an interest of the class.

The defendant, estate of Marjorie E. Kane, argues that since he failed to provide for a gift over to the survivors of the class the testator never intended for the class to benefit from the death of one of its members without issue. I cannot agree. The will was obviously drafted by a person familiar with traditional trust terms. That the draftsman knew how to provide for a gift over is evident for he did so in the event that any of the children should die leaving issue. As articulately pointed out in Rhode Island Hospital Trust Co. v. Thomas, supra:

"In such circumstances we think that the absence from the residuary clause of any provision for an ultimate gift over in the event of the death of any of his children without leaving surviving issue is more reasonably explained as being intentional rather than inadvertent. If the draftsman knew that the testator intended to make gifts to members of a class . . . there would be no reason to require an additional provision for a gift over on the death of any child without leaving surviving issue, because the share of such deceased child would then go to the surviving members of the class."

The rule, that where there is a class gift of income the surviving members of the class take the share of income previously received by a deceased member in the absence of an expression of a contrary intent, is well recognized. In re Wood's Estate, 321 Pa. 497, 184 A. 13; In re Hick's Estate, 345 Mich. 448, 75 N.W.2d 819; Rhode Island Hospital Trust Co. v. Thomas, supra; Fitts v. Powell, 307 Mass. 449, 30 N.E.2d 397; 61 A.L.R.2d 212, 229; 71 A.L.R.2d 1332.

The defendant, estate of Marjorie E. Kane, seeks to distinguish these authorities from the instant case by contending that they deal with devolution of the remainder or principal after the termination of all the life interests. I find such an argument unsupported and not persuasive. It is clear that the testator intended to benefit living lineal members of his blood line. An application of the above rule will further this intent. Compare, Delaware Trust Co. v. McCune, Del.Ch., 269 A.2d 256, aff'd, Bank of Delaware v. Delaware Trust Co., Del.Supr., 280 A.2d 534.

Nor am I persuaded that Ford v. Wilson, 10 Del.Ch. 124, 85 A. 1073, Huxley v.

 

Security Trust Co., 27 Del.Ch. 206, 33 A.2d 679, or Gray v. Corbit, 4 Del.Ch. 135 are controlling. In *Ford* the holder of the life interest was not a class but an individual. The facts in *Gray* are readily distinguishable. The same, in my opinion, may be said for *Huxley* in spite of points of similarity. Moreover, in *Huxley* the Court's conclusion of a resulting intestacy was "not seriously denied."

The petitioner, trustee, is instructed that Jesse G. Simmons did not die intestate as to the one-third portion of the trust from which Marjorie E. Kane received life income. Rather this interest remained in the class and inured to the benefit of the survivors of that class.

Accordingly, summary judgment for the defendant Emily S. Nagle is granted and summary judgment for the defendant, Estate of Marjorie E. Kane, is denied.

An appropriate order may be submitted on notice.